# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN HERMAN LARSON,<br><br>                Petitioner,<br><br>v.<br><br>TOM ROY,<br><br>                Respondent. | Civil No. 12-707 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION<br>ON PETITION FOR WRIT OF<br>HABEAS CORPUS** |

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1]. The matter has been referred to the magistrate judge under 28 U.S.C. § 636 and Local Rule 72.2(b) for a report and recommendation on the Petition. This matter is decided on the documents and without hearing. Petitioner brings this matter *pro se*. Kristine Nelson Fuge, Esq., Chisago County Attorney's Office, represents Respondent.

## BACKGROUND

Petitioner Kevin Herman Larson ("Petitioner") is a prisoner confined by the Minnesota Department of Corrections. In 1992, Petitioner was convicted of second-degree criminal sexual conduct in violation of Minnesota Statutes section 609.343[1] and sentenced to 36 months in

---

[1] State's Answer to Petition for Writ of Habeas Corpus, Exhibit #9, Page 2 [Docket No. 14].

prison.[2] Since his conviction in 1992, Petitioner has refused to register as a predatory offender as required under Minn. Stat. § 243.166 ("Predatory Offender Registration statute"). As a result, Petitioner has been criminally convicted on several occasions for failing to register as a predatory offender under Minn. Stat. § 243.166, subdiv. 5(a). Petitioner's prior convictions occurred in October 2004, January 2006, and August 2007.[3] The present petition arises out of Petitioner's conviction for refusal to register as a predatory offender in August 2009.

In 2009, Petitioner was serving time at the Minnesota Correctional Facility in Rush City, Minnesota, for previously failing to register as a predatory offender. On August 25, 2009, two days before his scheduled release, Petitioner was provided with predatory offender registration paperwork, which required him to provide the address where he would be living after his release.[4] Petitioner refused to provide an address.[5] The next day, a complaint was filed with Chisago County District Court charging Petitioner with two counts of Predatory Offender Registration Violation under Minn. Stat. § 243.166.[6] The Minnesota Court of Appeals

---

[2] "While in prison on that conviction, [Petitioner] refused to sign a predatory-offender registration form before his scheduled release in December 1994. After his probationary release, [Petitioner] also received notices from the predatory-offender registration unit of the Bureau of Criminal Apprehension informing him that he must register as a sex offender. He never complied. A police officer in Morrison County interviewed Larson in July 2003 in an unrelated criminal investigation and, after learning that he was a convicted sex offender, directed him to register. Larson again did not comply." When Larson refused to comply, the State charged Larson with failure to register. *State v. Larson*, 2007 WL 2993608 at 1.

[3] State's Answer to Petition for Writ of Habeas Corpus, Exhibit #6, Page 3.

[4] *Id.*

[5] *Id.*

[6] *Id.*

described the subsequent procedural history as follows:

> "Following a stipulated facts trial, the district court found [Petitioner] guilty of the charged offenses and sentenced him to concurrent prison terms of 30 and 43 months. [A few weeks later], the district court realized that it had erred by imposing separate sentences for two convictions that were part of the same behavioral incident and resentenced [Petitioner] to a presumptive guidelines sentence of 36 months in prison on one of the convictions."[7]

Following the resentencing, Petitioner appealed his conviction and sentence to the Minnesota Court of Appeals. On July 11, 2011, the Minnesota Court of Appeals affirmed Petitioner's convictions and sentence, holding that Minnesota's Predatory Offender Registration statute does not violate any of Petitioner's constitutional rights.[8] On September 20, 2011, the Minnesota Supreme Court denied further review of Petitioner's convictions.[9] Petitioner, seeking to be released from custody, filed the present Petition for Writ of Habeas Corpus with this Court on March 20, 2012. For reasons to be discussed below, this Court recommends that Petitioner's request for a Writ of Habeas Corpus be denied.

## **DISCUSSION**

A writ of habeas corpus is "[a] writ employed to bring a person before a court, most frequently to ensure that the person's imprisonment or detention is not illegal." *Black's Law Dictionary* (9th ed. 2009). When in custody pursuant to a state court judgment, a person may seek a writ of habeas corpus from a federal court only upon grounds that his or her custody violates the U.S. Constitution or federal law in some way. 28 U.S.C. § 2254(a). Federal courts shall only issue a writ of habeas corpus upon a determination that the state court judgment (1) was contrary to, or involved an unreasonable application of, clearly established federal law, or

---

[7] State's Answer to Petition for Writ of Habeas Corpus, Exhibit #6, Page 3.

[8] *Id.* at Page 6.

[9] *Id.* at Exhibit #7.

3

(2) was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). In reviewing a state court decision, this Court presumes that the state court's factual determinations are correct, unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000). However, this Court shall have *de novo* review of conclusions of law. *Colvin v. Taylor*, 324 F.3d 583, 586 (8th Cir. 2003).

**I. Procedural Exhaustion of Remedies.**

Before a federal court will consider the merits of a petition for a writ of habeas corpus, the petitioner must first demonstrate to the federal court that he has exhausted all of the state court remedies available to him. 28 U.S.C. § 2254(b), (c). This requirement gives state courts a full and fair opportunity to resolve any federal constitutional issues. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th. Cir. 1995)(holding that "the same factual grounds and legal theories asserted in the prisoner's federal habeas petition [must] have been properly raised in the prisoner's state court proceedings" in order for a federal constitutional issue to be deemed "fairly presented" to the state courts). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982)(internal citations omitted)(noting that the doctrine also serves to reduce piecemeal litigation).

In the present case, Petitioner claims that his conviction and subsequent incarceration violate federal constitutional law in multiple ways. Generally speaking, the factual and legal grounds Petitioner presents to this Court in support of his petition were the same grounds presented at the state court level. The Minnesota Court of Appeals rejected Petitioner's claims,

and the Minnesota Supreme Court denied review of the decision. Therefore, Petitioner has exhausted the state court remedies available to him, and he properly raises the same federal constitutional issues presented at the state court level in his current petition to this Court. Because Petitioner has satisfied his procedural requirements, this Court will now consider the merits of Petitioner's substantive claims.

**II. Petitioner's Substantive Claims.**

Seeking a writ of habeas corpus, Petitioner claims the following: (1) Minnesota's Predatory Offender Registration statute[10] constitutes a bill of attainder and Petitioner's conviction under this statute is an ex post facto application of law; (2) Petitioner's conviction and subsequent incarceration are in violation of the First, Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments to the U.S. Constitution; and (3) Petitioner's resentencing was improper. For the following reasons, this Court finds no merit in these claims, and therefore recommends that the Petition for a Writ of Habeas Corpus be denied.

<u>Bill of Attainder and Ex Post Fact Application of Law</u>

Petitioner contends that Minnesota's Predatory Offender Registration statute[11] constitutes a bill of attainder and Petitioner's conviction under this statute is an ex post facto application of law.[12] The U.S. Constitution prohibits both federal and state governments from passing a bill of attainder or ex post facto law. U.S. Const. art. 1, § 9, cl. 3; art. 1, § 10, cl. 1. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without . . . the protections of a judicial trial." *Nixon v. Adm'r of Gen. Services*, 433 U.S. 425, 468 (1977). A law will rise to the level of "legislative punishment" if it fails to further a non-

---

[10] Minn. Stat. § 243.166.

[11] *Id*.

[12] Petition for Writ of Habeas Corpus, Page 4 [Docket No. 1].

5

punitive purpose or is based on a legislative intent to punish. *Citizens for Equal Prot. v. Bruning*, 455 F.3d 859, 869 (8th Cir. 2006)(internal citations omitted). The constitutional prohibition on bills of attainder was not meant to invalidate "every Act of Congress or the States that legislatively burdens some persons or groups…" *Nixon*, 433 U.S. at 471.

The Minnesota Predatory Offender Registration statute does not constitute a bill of attainder for several reasons. First, the registration requirement is not re-adjudicating Petitioner's guilt, or re-punishing him, for his initial conviction of second-degree criminal sexual conduct. Instead, the statute is only requiring Petitioner to provide his address to law enforcement. The purpose of the registration statute is not to punish or unduly burden former offenders. Rather, the Minnesota Supreme court has determined that the primary purpose of Minnesota's Predatory Offender Registration statute is to assist law enforcement with investigations. *Boutin v. LaFleur*, 591 N.W.2d 711, 717 (Minn. 1999). For these reasons, Minnesota's Predatory Offender Registration statute does not constitute a bill of attainder.

Petitioner also asserts that because Minnesota's Predatory Offender Registration statute went into effect on August 1, 1991, several months *after* the date of the offense that led to Petitioner's second-degree criminal sexual conduct conviction, the statute's requirement that Petitioner register as a predatory offender constitutes an ex post facto application of the law.[13] An ex post facto law punishes as a crime an act which was innocent when committed, increases the punishment for a crime after its commission, or deprives one charged with a crime of a defense that was available when the crime was committed. *See Collins v. Youngblood*, 497 U.S. 37, 52 (1990). As previously stated, the Minnesota Predatory Offender Registration statute is not punitive in nature. It is not aimed at punishing or unduly burdening former offenders or

---

[13] Petition for Writ of Habeas Corpus, Page 4.

increasing criminal sentences for prior sex crimes. Instead, the statute primarily aims to assist law enforcement with investigations. *See Boutin*, 591 N.W.2d at 717. Specifically, the registration statute does not increase the punishment or burden imposed on the offender for a criminal sexual conduct conviction occurring before August 1, 1991. *State v. Manning*, 532 N.W.2d 244, 247-48 (Minn. App. 1995). The slight burden imposed on former offenders who are required to register "is not excessive in relation to the important regulatory purpose served [by the registration statute]." *Id.* at 249. Therefore, Petitioner's claim that the registration statute constitutes an ex post facto law fails.

Petitioner's Federal Constitutional Claims

**A. First Amendment.**

The Supreme Court has held that freedom of speech, as protected by the First Amendment to the U.S. Constitution, includes the right to refrain from speaking at all. *See e.g., Wooley v. Maynard*, 430 U.S. 705, 714 (1977). In the present case, Petitioner asserts that his First Amendment rights include the right to refuse to slander or "demise one's own character."[14] Following this reasoning, Petitioner argues that he cannot be compelled to register as a predatory offender, because it would require him to defame his own character. Petitioner poses the question: "If a person is required to say . . . that they are a Predatory Offender are they not in fact saying that they live by . . . victimizing or destroying others for their own gains?"[15]

In support of this claim, Petitioner cites *Wooley*, a case in which a man was criminally convicted for covering up the motto "Live Free or Die" on his state license plate, because the motto conflicted with his religious beliefs. In *Wooley*, the Supreme Court held that the state could not require an individual "to participate in the dissemination of an ideological message by

---
[14] Petition for Writ of Habeas Corpus, Page 5.
[15] *Id*.

7

displaying it on his private property in a manner and for the express purpose that it be observed and read by the public." 430 U.S. at 713. The Minnesota Court of Appeals properly distinguished Petitioner's case from *Wooley*, finding that Petitioner is only required to provide his address under the Predatory Offender Registration statute, not to endorse or make any ideological expression of opinion.[16] *See also Boutin,* 591 N.W.2d at 718 (finding "no recognizable interest in being free from having to update address information"). Merely requiring Petitioner to provide an address does not rise to the level of compelled ideological endorsement, nor does it constitute a forced public admission that one lives by "victimizing or destroying others," as Petitioner asserts.

Furthermore, even in cases like *Wooley* where free speech protections are found to exist, these protections must be balanced with the State's countervailing interests in restricting free speech. *Wooley*, 430 U.S. at 715-16 (noting "[w]e must also determine whether the State's countervailing interest is sufficiently compelling to justify requiring appellees to display the state motto on their license plates"). The Minnesota Supreme Court has held that "the primary purpose of the [Predatory Offender Registration] statute is to create an offender registry to assist law enforcement with investigations." *Boutin*, 591 N.W.2d at 717. Petitioner presents no recognizable interest that would outweigh the State's interest in assisting law enforcement in its efforts to combat crime. For these reasons, a requirement that Petitioner provide his address to law enforcement under Minn. Stat. § 243.166 is not a violation of Petitioner's First Amendment rights.

---

[16] State's Answer to Petition for Writ of Habeas Corpus, Exhibit #6, Page 4.

**B. Fourth Amendment.**

Citing the Fourth Amendment to the U.S. Constitution, Petitioner asserts that the State is required to obtain a search warrant or court order for his personal contact information.[17] The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Respondent correctly asserts that this argument is unsupported and misplaced, noting that the Predatory Offender Registration statute is a regulatory law that is non-punitive in nature. *See Gunderson v. Hvass,* 339 F.3d 639, 643 (8th Cir. 2003); *see also Boutin*, 591 N.W.2d at 717. Petitioner has failed to prove that his Fourth Amendment privacy rights include the right to withhold his basic contact information from law enforcement, when he is required to provide this information to law enforcement under a non-punitive, regulatory law. Therefore, it is clear that the State does not need to obtain a search warrant or court order for Petitioner's contact information.

**C. Fifth Amendment.**

The Fifth Amendment guards against self-incrimination, by providing that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Petitioner asserts that providing his contact information pursuant to the Predatory Offender Registration statute would constitute compelled self-incrimination.[18] In support of this claim, Petitioner cites *Albert v. Subversive Activities Control Board*, a 1960's case in which members of The Communist Party of the United States of America failed to register with the Attorney General pursuant to regulatory law. 382 U.S. 70 (1965). During this particular era in history, membership with the Communist Party was grounds for criminal prosecution under federal law.

---

[17] Petition for Writ of Habeas Corpus, Page 5.

[18] *Id.* at Page 6.

*Id.* at 77. Accordingly, the Supreme Court held that the regulatory law requiring communists to register violated their Fifth Amendment privilege against self-incrimination. *Id.* at 78.

The present case is easily distinguished from *Albert*, however, because Petitioner's registration as a predatory offender does not subject him to prosecution. As the Minnesota Court of Appeals correctly noted, "[c]ompulsion does not violate the Fifth Amendment privilege against self-incrimination unless the information the claimant would be compelled to divulge is incriminating."[19] Petitioner would not incriminate himself simply by providing his current address to law enforcement pursuant to the Predatory Offender Registration statute. Therefore, Petitioner's Fifth Amendment claim fails.

### D. Sixth Amendment.

Petitioner asserts that his Sixth Amendment right to be represented by counsel during his initial prosecution for his second-degree criminal sexual conduct charge extends indefinitely to any subsequent custodial "interrogations" regarding the contact information he is required to provide under the Predatory Offender Registration statute.[20] This claim confuses several issues and is ultimately without merit. First, Petitioner confuses two separate constitutional guarantees. While the Sixth Amendment guarantees criminal defendant's the right to counsel in criminal prosecutions, the right to counsel during a custodial interrogation of a criminal suspect is guaranteed through interpretation of the Fifth Amendment. *See Miranda v. Arizona*, 384 U.S. 436, 469.

Petitioner was properly represented by counsel during the criminal prosecution that led to his conviction of second-degree criminal sexual conduct in 1992. However, contrary to

---

[19] State's Answer to Petition for Writ of Habeas Corpus, Exhibit #6, Page 5 (citing *Johnson v. Fabian*, 735 N.W.2d 295, 309 (Minn. 2007)).

[20] Petition for Writ of Habeas Corpus, Page 6.

Petitioner's assertion, the representation guaranteed during this prosecution does not extend indefinitely. Petitioner does not have a Sixth Amendment right to counsel every time he is asked to provide his address to law enforcement pursuant to the Predatory Offender Registration statute. Therefore, Petitioner's Sixth Amendment right to counsel was not violated when he was asked to provide his address without counsel present.

Furthermore, Petitioner's Fifth Amendment right to counsel was not invoked in the present case. Despite that fact that Petitioner was in custody when asked to register pursuant to the Predatory Offender Registration statute, Petitioner was not at that time a criminal suspect undergoing interrogation. Instead, he was simply asked to provide his address in compliance with a regulatory law. Therefore, Petitioner has no valid claim that his Fifth Amendment right to counsel was violated.

### E. Eighth Amendment.

The Eighth Amendment to the U.S. Constitution guards against cruel and unusual punishment. Petitioner claims that the 36-month prison sentence he received for "remaining silent" is cruel and unusual.[21] However, Petitioner was not convicted of "remaining silent." Instead, he was convicted on two counts of "Predatory Offender Registration Violation"[22] for failing to register with law enforcement after his initial conviction for second-degree criminal sexual conduct.[23] This was not a one-time offense – Petitioner has been convicted multiple times for failing to register.[24] The district court considered these factors when it sentenced Petitioner to 36 months in prison for failing to comply with Minn. Stat. § 243.166. Although 36 months was

---

[21] Petition for Writ of Habeas Corpus, Page 7.
[22] Pursuant to Minn. Stat. § 243.166.
[23] State's Answer to Petition for Writ of Habeas Corpus, Exhibit #2.
[24] *Id.*, Exhibit #6, Page 3.

11

on the upper-end of the presumptive sentencing range, Petitioner's sentence still fell within the permissible sentencing range under Minnesota Sentencing Guidelines for repeat offenders.[25] Therefore, Petitioner cannot support a claim that his sentence was unduly harsh, disproportionate to the gravity of the offense he committed, or cruel and unusual under the Eighth Amendment.

### F. Thirteenth Amendment.

The Thirteenth Amendment to the U.S. Constitution outlaws slavery and involuntary servitude. Petitioner asserts that his failure to register as a predatory offender and his subsequent criminal convictions have led to his "involuntary servitude," in violation of the Thirteenth Amendment to the U.S. Constitution.[26] Because the primary purpose of the Thirteenth Amendment was to abolish the institution of African slavery, the Supreme Court has narrowly interpreted the words "slavery" and "involuntary servitude" in the Thirteenth Amendment to cover only "those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results." *U.S. v. Kozminski*, 487 U.S. 931, 942 (1988)(quoting *Butler v. Perry*, 240 U.S. 328, 332 (1916)).

Federal courts have consistently rejected Thirteenth Amendment claims that are not comparable to African slavery. *U.S. v. Bertoli*, 994 F.2d 1002, 1022 (3rd Cir. 1993)(*pro bono* requirement for attorneys incomparable to "the burdens endured by the African slaves in the cotton fields or kitchens of the antebellum south"); *Steirer by Steirer v. Bethlehem Area School Dist.,* 987 F.2d 989, 1000 (3rd Cir. 1993)(mandatory community service program in public high school cannot be analogized with slavery); *Wright v. Clark County, Ind.*, 1997 WL 764387 at * 1 (7th Cir. 1997)(county's mandatory recycling program not akin to African slavery). Likewise, requiring Petitioner to provide his address pursuant to the Predatory Offender Registration

---

[25] *Id.* at Pages 6-7.

[26] Petition for Writ of Habeas Corpus, Page 7.

statute, and sentencing him criminally for refusal to comply with the statute, is not akin to African slavery, nor does it constitute "involuntary servitude" or "slavery" under the Thirteenth Amendment.

### G. Fourteenth Amendment.

The Fourteenth Amendment prohibits the States from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV. Petitioner claims that he has been completely denied due process of law under the Fourteenth Amendment "to determine a charge of predatory or predation."[27] Petitioner does not cite any case law or discernible legal theory to support this assertion. The Eighth Circuit Court of Appeals has held that predatory offender registration requirements under Minn. Stat. § 243.166 are a minimal burden that do not constitute due process violations. *Gunderson,* 339 F.3d at 644-45; *see also Boutin*, 591 N.W.2d at 718 (finding "no recognizable interest in being free from having to update address information"). The Minnesota Court of Appeals also correctly found Petitioner's equal protection claim under the Fourteenth Amendment to be without merit.[28]

<u>Sentencing Challenge</u>

Finally, Petitioner objects to the 36-month sentence he received for violating Minnesota's Predatory Offender Registration statute, by asserting that the state sentencing court did not have the authority to impose this sentence.[29] This claim is entirely unsupported. States have traditionally retained the authority to impose sentences for criminal convictions based upon their state statutory guidelines. *See Simmons v. Iowa*, 28 F.3d 1478, 1482 (8th Cir. 1994), *cert. denied*, 115 S.Ct. 1163 (1995)(describing the "truism that [state] legislatures have expansive discretion

---

[27] Petition for Writ of Habeas Corpus, Page 8.
[28] State's Answer to Petition for Writ of Habeas Corpus, Exhibit #6, Pages 6-7.
[29] Petition for Writ of Habeas Corpus, Page 8.

13

in fixing the terms of confinement that [their] courts are to impose on those convicted of statutory crimes). Therefore, so long as a sentence is properly within the state's sentencing guidelines, and so long as no federal law is violated by the sentencing, a federal court shall not overturn a sentence imposed by a state court. As previously discussed, Petitioner's 36-month prison sentence fell within the permissible sentencing range of Minnesota's Sentencing Guidelines. Furthermore, Petitioner fails to raise any argument that the sentence he received violated the U.S. Constitution or federal law in any way. Therefore, this Court has no reason to interfere with the sentence imposed upon Petitioner.

## CONCLUSION

For the foregoing reasons, Minnesota's Predatory Offender Registration statute at § 243.166 does not constitute a bill of attainder or ex post facto law. Furthermore, the registration statute does not violate any of Petitioner's federal constitutional rights. Thus, Petitioner's conviction and sentencing for violating the registration statute were proper. For these reasons, this Court finds no merit in Petitioner's claims, and recommends that his Petition for a Writ of Habeas Corpus be denied.

Based upon the forgoing discussion and conclusions, the Court makes the following:

## RECOMMENDATION

The magistrate judge hereby recommends that Kevin Herman Larson's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1] be **DENIED** and that the Petition in this matter be **DISMISSED**.

Dated: April 1, 2013                                                  __ s/ Arthur J. Boylan_____
                                                                      Arthur J. Boylan
                                                                      United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment form the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 16, 2013.